HEATH TOWNSHIP v SALL

Docket No. 126375. Submitted June 26, 1991, at Grand Rapids.
    Decided September 9, 1991; approved for publication November
    14, 1991, at 9:15 A.M.

    Heath Township brought an action in the Allegan Circuit Court
        against Gerald W. Sall and Joyce Sall, seeking to enjoin the
        defendants from completing the construction of a mobile home
        park on property they owned in the township. The defendants
        had commenced construction after obtaining a rezoning of the
        property from a classification that disallowed use as a mobile
        home park to a classification that allowed such use. However,
        after a zoning referendum, the property was rezoned to its
        original classification. The township notified the defendants
        that they were in violation of the zoning ordinance and should
        stop construction, but the defendants continued, and the town-
        ship brought its action. The court, George R. Corsiglia, J.,
        issued a permanent injunction against the defendants prohibit-
        ing completion of construction and occupancy of the mobile
        home park. The defendants appealed.

        The Court of Appeals *held:*

        The defendants acquired a vested right to a prior noncon-
        forming use as a result of their actions in changing the charac-
        ter of the property. Those actions, which included the installa-
        tion of a commercial water well, drilling of additional test
        wells, construction of a wellhouse, and excavation for road
        construction, went beyond mere preparation for an intended
        use of the property and effected a tangible change in the
        property so as to establish a prior nonconforming use.

        Reversed.

ZONING — NONCONFORMING LAND USE — TANGIBLE CHANGE IN LAND.

    A zoning ordinance that is otherwise reasonable and valid may
        not operate to divest a property owner of the right to use the
        property in the manner it was used before the adoption of the

REFERENCES

Am Jur 2d, Zoning and Planning §§ 21, 22, 178, 237, 238.
Retroactive effect of zoning regulation, in absence of saving clause,
    on validly issued building permit. 49 ALR3d 13.

zoning ordinance; to constitute such a prior nonconforming use, there must be work of a substantial character done for the preparation of the actual use of the premises; the test is whether there has been any tangible change in the land itself by excavation and construction.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John K. Lohrstorfer*), for the plaintiff.

*John A. Watts,* for the defendants.

Before: MURPHY, P.J., and HOLBROOK, JR., and SAWYER, JJ.

PER CURIAM. Defendants appeal from a judgment of the circuit court permanently enjoining them from completing construction and allowing occupancy of a mobile home park under construction on property owned by defendants and located in plaintiff township. We reverse.

In 1985, defendants purchased a parcel of land located in Heath Township with the intention of building a mobile home park on the property. At the time of purchase, the property was zoned R-2, for which mobile home parks were not a permitted use. After purchasing the property, defendants successfully sought from the township a change in the zoning classification of the property to R-3, which allows use for mobile home parks. That rezoning request was granted on October 13, 1986.

After the zoning change was approved, defendants obtained a permit to construct a driveway approach from the county road commission, as well as an earth-change permit from the county and a plumbing permit from plaintiff. Following the rezoning by the township, defendants expended in excess of $16,000 in preliminary site preparation, including the drilling of a permanent five-inch commercial water well to a depth of 184

feet, the installation of four other test wells, the construction of an insulated concrete block wellhouse, the clearing of trees and excavation for roads, including the removal of top soil, and the preparation of a topographical survey. Preliminary plans by defendants' engineer were completed and approved by the appropriate agencies and work was commenced on the final plans.

Local residents, dissatisfied with the zoning change, sought a zoning referendum pursuant to MCL 125.282; MSA 5.2963(12). That election was held on February 2, 1987, and resulted in a rejection by the electorate of the zoning change from R-2 to R-3. Defendants, however, continued construction of the mobile home park, believing that they had established a legal prior nonconforming use of the property. Defendants expended approximately $19,000 in additional construction costs. They were approximately one month from completing and opening the first phase of the mobile home park on August 17, 1987, when plaintiff's attorneys notified defendants that they were in violation of the zoning ordinance and should stop construction. Plaintiff filed this action against defendants on August 26, 1987, and the circuit court issued a temporary restraining order that later became a preliminary injunction against the occupancy of the mobile home park, but permitted defendants to continue construction at their own risk. Following a subsequent hearing, the circuit court made its injunction permanent.

Defendants raise a number of issues on appeal, one of which is dispositive. Defendants argue that they acquired vested rights to a nonconforming use through their actions before the referendum and that the change of the zoning back to R-2 pursuant to the referendum therefore should not apply. We agree.

A zoning ordinance that is otherwise reasonable and valid may not operate to divest a property owner of the right to use the property in the manner it was used before the adoption of the zoning ordinance. *Gackler Land Co, Inc v Yankee Springs Twp,* 427 Mich 562, 573-574; 398 NW2d 393 (1986). To constitute such a prior nonconforming use, there must be work of a substantial character done for the preparation of the actual use of the premises. *Id.* at 574. The actual use that is nonconforming must be apparent and manifested by a tangible change to the property, as opposed to a use that is intended or contemplated by the property owner. *Id.* Thus, preliminary operations such as ordering plans, surveying the land, and removing old buildings are insufficient to establish a prior nonconforming use. *Id.* at 574-575. The test is not the amount of money spent in reliance upon past zoning classifications, but whether there has been any tangible change in the land itself by excavation and construction. *Id.* at 575.

In the case at bar, we agree with defendants that they took sufficient action toward changing the character of the land while the zoning permitted construction of a mobile home park on the parcel so as to grant defendants vested rights and create a prior nonconforming use of the property as a mobile home park before the electorate's decision to return the zoning to R-2. Specifically, while the preparation of the survey and site plans and the clearing of trees and debris would not be sufficient to create a prior nonconforming use, defendants' conduct went beyond mere preparation for a change in use of the property. They installed a commercial water well, drilled four additional test wells, constructed a wellhouse, and excavated for the construction of roads for the mobile home

park. We are satisfied that this action constitutes a tangible change in the land by excavation and construction that goes beyond mere preliminary operations to establish the nonconforming use. *Gackler, supra* at 574-575.[1]

For these reasons, we conclude that the trial court erred in determining that defendants had not developed vested property rights in a prior nonconforming use arising out of their construction activities before the referendum on the zoning change. Because defendants had established a prior nonconforming use, the township cannot prevent their development of the mobile home park on this parcel despite its rezoning into an R-2 classification. Accordingly, we conclude that the trial court erred in granting a permanent injunction against defendants.

Because our resolution of the above issue is dispositive, we need not consider defendants' remaining claims of error.

The decision of the circuit court is reversed and the permanent injunction is dissolved. Defendants may tax costs.

---

[1] The result in *Gackler,* which found that no prior nonconforming use was created with respect to the vacant lots at issue, is distinguishable from the instant case in light of the nature of the development. In *Gackler,* a subdivision was developed to include single-family residences built on site, modular homes, and mobile homes. A change in zoning after the project had commenced prevented the utilization of certain lots for mobile homes as was originally planned. However, because of the nature of the development, those sites were still appropriate for use for homes built on site or modular homes. *Gackler, supra* at 576. In the case at bar, on the other hand, the land was not being developed as a subdivision that would allow mobile homes, but explicitly as a mobile home park. Thus, the construction activity that had taken place before the zoning change was that which was necessary for the development of a mobile home park as opposed to a generic subdivision.